NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 23, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2631

| | |
|---|---|
| MONODIP CHAUDHURI, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-cv-0508-bhl |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br> *Defendant-Appellee*. | Brett H. Ludwig, <br> *Judge*. |

**O R D E R**

While working for IBM India in the United States, Monodip Chaudhuri was diagnosed with a degenerative spinal disease and received short-term disability benefits through his employer. Chaudhuri returned to India before qualifying for long-term disability benefits, then sued IBM USA for interfering with his benefits in violation of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140. The district court entered summary judgment for the defendant. We affirm.

We recount the record in the light "reasonably most favorable" to Chaudhuri, the party opposing the entry of summary judgment. *See Stark v. Johnson & Johnson*, 10 F.4th 823, 825 (7th Cir. 2021). Chaudhuri is an Indian citizen and an employee of IBM India. Between 2009 and 2017, he worked on several assignments in the United States. In June 2017, two months into a three-year assignment with an American company in Milwaukee, Wisconsin, Chaudhuri was diagnosed with a degenerative spinal disease. He took a leave of absence and received short-term disability benefits through IBM India's self-funded sickness and accident plan for traveling employees. He also hoped to obtain long-term benefits through a plan that IBM India had purchased for employees working in the United States for more than six months per year. Under the policy, benefits accrued for workers present in the United States after a nine-month disability period. Chaudhuri's H-1B visa expired in the fall of 2017, and although IBM India sponsored his application to renew it, the United States Department of State denied renewal because his work was not sufficiently specialized. Chaudhuri returned to India in October 2017, before the end of his projected three-year assignment, and he continues to work for IBM India.

Believing that he was wrongly prevented from accessing long-term disability benefits, Chaudhuri sued IBM USA. He alleged that IBM USA employed him while he was stationed in the United States and that the company pressured him to return to India and ended his assignment to prevent him from renewing his visa and using the long-term disability policy, in violation of § 510 of the Act. After Chaudhuri amended his complaint as of right, FED. R. CIV. P. 15(a)(1)(B), discovery proceeded for a year, but Chaudhuri—who had counsel at the time—made no discovery requests.

IBM USA eventually moved for summary judgment. Chaudhuri litigated the motion pro se after his attorney withdrew, and the district court orally granted the motion. The court explained that Chaudhuri's claim failed as a matter of law because IBM USA was not his employer and was a separate entity from IBM India, which sponsored the long-term disability plan. The court added that the record contained no evidence that IBM USA was involved with Chaudhuri's benefits or work visa.

Chaudhuri appeals, but instead of developing arguments that IBM USA was not entitled to summary judgment, he mainly provides excerpts of his correspondence with IBM India's human-resources department about his quest for benefits. He declined to

order the transcript of the district court's oral ruling, failed to append the judgment, and cites no legal authority in his brief. FED. R. APP. P. 10(b)(1), 28(a)(8)(A). We could dismiss the appeal on these grounds, but because IBM USA supplemented the record with the transcript and judgment, and Chaudhuri's contentions are evident, we can consider the merits of Chaudhuri's appeal. *See United States v. De Horta Garcia*, 519 F.3d 658, 660 (7th Cir. 2008).

Section 510 of the Act makes it unlawful for "any person to … discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. In his submissions, Chaudhuri did not point to a factual dispute that IBM USA interfered with his employee benefits in either way the law recognizes: (1) by taking action against him as his employer, *see Dewitt v. Proctor Hosp.*, 517 F.3d 944, 949 (7th Cir. 2008), or (2) by preventing him from accessing, or failing to pay, long-term disability benefits to which he was entitled. *Nauman v. Abbott Labs.*, 669 F.3d 854, 857 (7th Cir. 2012).

First, IBM USA never employed Chaudhuri so it could not have taken any adverse employment action against him for trying to obtain benefits. The undisputed evidence shows that IBM India and IBM USA are separate entities: IBM USA is incorporated in Delaware and headquartered in New York, and IBM India is incorporated and headquartered in India. As a foreign corporation, IBM India has a "separate legal existence" from IBM USA. *Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816, 820 (7th Cir. 2015). IBM India operates independently, with separate payroll and human-resources departments, branch offices, and a unique domain name for its employee email addresses. The courts have not been presented here with any competent and admissible evidence, as the law requires, that Chaudhuri was ever transferred to or jointly employed by IBM USA when he was worked in the United States. Indeed, Chaudhuri's own submissions, including his pay stub, tax documents, and his 2017 work-assignment notice—which state, "you are an employee of IBM India"—confirm that he was employed by only IBM India. Therefore, as the district court concluded, Chaudhuri cannot establish that IBM USA "had any role" in his employment, benefits, or visa. And the assignment notice shows that IBM USA also did not control the Milwaukee assignment. Because Chaudhuri never had an "employment relationship" with IBM USA, he cannot show that it adversely changed his employment terms to punish his use, or potential use, of benefits. *Teamsters Loc. Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 826–27 (7th Cir. 2014).

Second, notwithstanding pleading interference with his benefits, Chaudhuri also provided no evidence that IBM USA did anything to hinder him from accessing his benefits through IBM India. Liability under § 510 "is not limited to employers," *Teamsters*, 741 F.3d at 821; it is unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate" against participants of employer-sponsored plans, like Chaudhuri. 29 U.S.C. § 1140. Chaudhuri alleges that a manager and two colleagues in Milwaukee pressured him to return to India before he became eligible for long-term disability benefits. But he admitted in his deposition that all three were IBM India employees, and that he returned to India based on the advice of two doctors. Although Chaudhuri speculates that the doctors gave the recommendation at his employer's behest, it was Chaudhuri who permitted his doctors to discuss his condition with his IBM India manager. No evidence shows that he, his doctor, or anyone from IBM India ever contacted IBM USA about his health or any attempt to obtain benefits. He thus cannot show that but for IBM USA's interference, he would have received benefits under IBM India's plan. *Id.* at 826.

Because IBM USA was not the proper defendant for his claims, Chaudhuri's cross-motions for summary judgment also lacked merit, making his appellate challenge to their denial based on violations of the Federal Rules of Civil Procedure and the local rules immaterial. Even so, there was no abuse of discretion in enforcing the rules. *See Igasaki v. Ill. Dep't of Fin. & Prof'l Reg.*, 988 F.3d 948, 956 (7th Cir. 2021). As was explained at the summary judgment hearing, Chaudhuri's cross-motions were untimely and filed without leave. *See* FED. R. CIV. P. 56(b). They also did not include the proposed statement of undisputed facts required by local rules. *See* E.D. WIS. CIV. L. R. 56(b)(1)(B).

AFFIRMED